IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| DOMINGO MERCADO LEIVA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-01902-AJT-LRV |
| | ) | |
| KRISTI NOEM, | ) | |
| *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Domingo Mercado Leiva ("Petitioner") filed a Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition"), seeking release from Immigration and Customs Enforcement ("ICE") custody that began on October 21, 2025 on the grounds that his ongoing detention violates his substantive and procedural due process rights and the Immigration and Nationality Act ("INA"). The Respondents opposed the Petition. [Doc. No. 8]. For the following reasons, the Petition is GRANTED.

**I.   BACKGROUND**

Petitioner is a fifty-year-old native and citizen of El Salvador who entered the United States without inspection on or about January 14, 2005. [Doc. No. 1] ¶ 22; [Doc. No. 8-1] ¶¶ 5-6. Shortly after entry, Petitioner surrendered to border patrol and was issued a Notice to Appear at removal proceedings ("NTA") stating that he was removable under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled. [Doc. No. 1] ¶ 22. However, the government evidently never initiated Petitioner's removal proceedings. *Id.* ¶ 23. Prior to his

1

detention, Petitioner lived in Cheverly, Maryland with his wife and two U.S. citizen children; he contends that he has no "significant" criminal convictions. *Id*. ¶¶ 24-25.

On October 21, 2025, Petitioner was arrested by ICE agents in Maryland and was detained purportedly pursuant to 8 U.S.C. § 1225(b)(2); he remains in ICE detention at the Farmville Detention Center. *Id*. ¶¶ 4, 26. Petitioner contends that he was not issued a new or revised NTA after his arrest; however, the government contends that on October 22, 2025 he was issued an NTA charging him once again under 8 U.S.C. § 1182(a)(6)(A)(i), as well as under 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who, at the time of application for admission to the United States was not in possession of any valid entry document. [Doc. No. 1] ¶ 26; [Doc. No. 8-1] ¶ 8. He filed the Petition on October 30, 2025, requesting that this Court order his immediate release or alternatively mandate that ICE hold a bond hearing.

## II.  LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

## III.  DISCUSSION

Petitioner contends that his arrest was in violation of his procedural due process rights under *Untited States ex. Rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) because Respondents

2

lacked probable cause (Count I) and did not perform a flight risk analysis (Count II);[1] and that his ongoing detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2) violates his substantive and procedural due process rights (Counts III-IV) and the INA (Count V), and requests that he be released, or in the alternative, that he be given a new bond hearing pursuant to 8 U.S.C. § 1226. [Doc. No. 1] at 15–23. In their opposition, Respondents argue that Petitioner's detention is lawful and constitutional under the INA because he was detained under 8 U.S.C. § 1225(b)(2) and not 8 U.S.C. § 1226(a). [Doc. No. 8] at 6–17.

As an initial matter, the Court observes that Respondents make the same arguments they made, and this Court rejected, in *Luna Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). There, like here, the dispositive issue reduced to whether Petitioner's detention was governed by the mandatory detention provisions in 8 U.S.C. § 1225(b)(2) or the discretionary detention provisions in 8 U.S.C. § 1226(a). Respondents do note that Petitioner's claim is distinct from *Luna Quispe* and other recent habeas petitions by ICE detainees because he arrived at a point of entry, sought admission, and was paroled. However, Respondents' position still rests on in substance the same argument: that notwithstanding his yearslong residence in the United States, Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and not discretionary detention under 8 U.S.C.

---

[1] Petitioner does not cite any authority supporting his proposition that challenges to his unlawful arrest, standing alone and as distinct from challenges to his current detention, are cognizable in a Habeas action. This is not the case in the criminal realm (*see Moreland v. United States*, 347 F.2d 376, 377 (10th Cir. 1965) (denying relief under habeas statute for state detainees where the only constitutional violation alleged was an unlawful arrest)), and Petitioner only cites to several cases from this court that granted Habeas relief on grounds that those petitioners' continued detention (not their arrests) violated the INA. *See, e.g. Flores Pineda v. Simon et al.*, No. 1:25-CV-01616-AJT-WEF, Slip op. at *2 (E.D. Va. Oct. 21, 2025). However, because Petitioner's Counts III-V offer a sufficient basis for habeas relief, the Court need not exhaustively address his *Accardi* claims.

§ 1226(a). [Doc. No. 4] at 5–15; *see also Jennings v. Rodriguez,* 583 U.S. 281, 288 (2018) (parole "shall not be regarded as an admission of the alien").

The Court concludes that for all the reasons previously stated in *Luna Quispe*, and consistent with how several other district courts around the country have interpreted the provisions in question, Petitioner's detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures.[2] Respondents' application of section 1225(b) to individuals like Petitioner already in the country contravenes the plain text and statutory scheme of the INA, which makes clear that section 1225(b)(2)(A)'s scope extends only to those individuals actively seeking admission into the country, not those that have already entered the country (albeit unlawfully). *See Luna Quispe*, 2025 WL 2783799, at *4–6. As the Supreme Court held in *Jennings*, section 1226(a) is the "default rule," which governs "aliens already in the country" who are subject to removal proceedings, whereas section 1225(b) governs "aliens seeking admission into the country." *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).

With respect to Petitioner's due process claims, Respondents contend that Petitioner is not entitled to constitutional due process since he was mandatorily detained under 8 U.S.C. § 1225(b)(1) and his detention is therefore governed exclusively by that section of the INA. [Doc. No. 4] at 15–22. Having determined that Petitioner's detention is governed by section 1226, the

---

[2] *See, e.g.*, *Gomes v. Hyde*, 2025 WL 1869299 (D. Mass. July 7, 2025); *Martinez v. Hyde*, 2025 WL 2084238 (D. Mass. July 24, 2025); *Lopez Benitez v. Francis*, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Maldonado v. Olson*, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Arrazola-Gonzalez v. Noem*, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *J.O.E. v. Bondi*, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); *Jacinto v. Trump*, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); *Samb v. Joyce*, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); *Dos Santos v. Noem*, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Garcia Jimenez v. Kramer*, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); *Anicasio v. Kramer*, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); *Rosado v. Figueroa*, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); *Orellana Juarez v. Moniz*, 2025 WL 1698600 (D. Mass. June 11, 2025); *Hernandez Nieves v. Kaiser*, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); *Vasquez Garcia v. Noem*, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); *Carmona-Lorenzo v. Trump*, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); *Lopez-Campos v. Ravcroft*, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Kostak v. Trump*, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

Court must consider whether his continued detention absent a bond hearing violates his due process rights. In that regard, the Court concludes for the reasons stated in *Luna Quispe* that Petitioner's continued detention under section 1226 without a bond hearing violates his substantive and procedural due process rights.[3] *See Luna Quispe*, 2025 WL 2783799, at *7–9.

For the above reasons, Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge.

## IV.  CONCLUSION

For the above reasons, the Petition is granted, and it is hereby

**ORDERED** that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and it is further

**ORDERED** that Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

---

[3] In opposition to Petitioner's due process claims, Respondents rely on *Miranda v. Garland*, 34 F.4th 338 (4th Cir. 2022). There, the Fourth Circuit reversed the district court's grant of a preliminary injunction on due process grounds, holding that the detention procedures in section 1226(a), including a bond hearing, satisfied due process. *Id.* at 366. But nowhere in that opinion did the Fourth Circuit hold—explicitly or implicitly—that the failure to comport with the procedures contemplated in section 1226(a), including the provision of a bond determination hearing, would also satisfy due process.

The Clerk is directed to send copies of this Order to all counsel of record.


Alexandria, Virginia
December 15, 2025

/s/
_____
Anthony J. Trenga
Senior United States District Judge

6